**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KELLI SMITH,

Plaintiff,

v. CIVIL ACTION NO. 2:26-cv-00429

THP HEALTHCARE STAFFING, LLC, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is THP Healthcare Staffing LLC and THP Staffing LLC ("Defendants'") Motion to Transfer Venue, [ECF No. 8]. Plaintiff Kelli Smith filed a response, [ECF No. 10], and Defendants replied, [ECF No. 11]. The matter is ripe for review. For the reasons discussed herein, the motion is **DENIED**. [**ECF No. 8**].

## I. BACKGROUND

This action arises from Defendants' recruitment of Plaintiff for a travel nurse position in the Cardiovascular Step Down Unit at the Cleveland Clinic in Cleveland, Ohio. *See generally* [ECF No. 1-1, ¶¶ 23–24]. Plaintiff alleges Defendants submitted a fabricated resume to the Cleveland Clinic and represented to both Plaintiff and the Clinic that she was qualified for the position. *Id.* ¶¶ 26–32. After she began working there, Plaintiff discovered she lacked the necessary

experience. *Id.* ¶ 46. When she informed the Cleveland Clinic of this, it terminated her assignment. *Id* ¶¶ 47, 51–52.[1]

Plaintiff brings four causes of action against Defendants alleging: (1) fraud in the inducement of a contract; (2) fraud/misrepresentation; (3) defamation; and (4) negligence. *Id.* ¶¶ 56–86. Plaintiff is a citizen and resident of Kanawha County, West Virginia. *Id.* at ¶ 1. Defendants are two limited liability companies ("LLCs") both with a principal place of business in Cincinnati, Ohio, and all members of these LLCs are Ohio residents. *Id.* at ¶¶ 2–3; [ECF No. 1, ¶¶ 9–10].

Plaintiff filed this action in the Circuit Court of Kanawha County, West Virginia, on May 29, 2026. [ECF No. 1-1]. Then, Defendants removed the case to this court on June 29, 2026, [ECF No. 1]. On July 2, 2026, Defendants filed the present motion to transfer this case to the United States District Court for the Northern District of Ohio, Eastern Division, [ECF No. 8]. Plaintiff filed a response, [ECF No. 10], and Defendants replied, [ECF No. 11]. Because the factors of proper venue favor Plaintiff, the motion is dismissed and the case shall remain in the Southern District of West Virginia.

## II. DISCUSSION

Defendants move to transfer this case pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a).

In analyzing a motion to transfer under § 1404(a), the court must first satisfy itself that the action "'might have been brought'" in the transferee district. *Leonard v. Mylan, Inc.*, 718 F. Supp.

[1] "When reviewing a motion to transfer under [28 U.S.C.] § 1404(a), the court . . . must view all facts in the light most favorable to the party opposing transfer." *Mitchell v. Norfolk Southern Ry. Co.*, No. 2:15-cv-00002, 2015 WL 5285827, at *1 n.2 (W. D. Va. Sep. 8, 2015) (internal quotation marks and citation omitted)).

2d 741, 745 (S.D. W. Va. 2010) (Goodwin, J.) (quoting 28 U.S.C. § 1404(a)). The court then considers four factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The party seeking transfer bears the burden of showing that the current venue is inconvenient. *Holcomb v. BioLife Plasma, LLC*, No. 2:25-cv-00728, 2026 WL 8009409, at *1 (S.D. W. Va. Mar. 24, 2026) (Johnston, J.). Ultimately, however, the decision "whether to transfer lies within the sound discretion of the district court." *Barnhart v. Cornerstone Building Brand Servs., Inc.*, No. 2:25-cv-00613, 2026 WL 2151676, at *3 (S.D. W. Va. July 27, 2026) (Goodwin, J.); *see also FTC v. Pukke*, 53 F.4th 80, 110 (4th Cir. 2022) ("Once a suitable venue is found, the decision whether to transfer is left to the discretion of the trial court.").

The parties do not dispute, and the court is satisfied,[2] that this action could have been brought in the Northern District of Ohio, Eastern Division. [ECF No. 9, at 5; ECF No. 10, at 2]. Nonetheless, the remaining factors, on balance, do not favor transfer.

First, as to Plaintiff's choice of venue, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also Barnhart*, 2026 WL 2151676, at *3 ("Generally, a plaintiff's choice of venue is entitled to substantial weight . . . ") (citation omitted). This is particularly true where the chosen forum is the

[2] Defendants' Notice of Removal alleges diversity jurisdiction. [ECF No. 1, ¶¶ 7–20]. There is complete diversity among the parties and the amount in controversy exceeds $75,000. *Id.* Therefore, the Northern District of Ohio has subject matter jurisdiction. The Northern District of Ohio may also exercise personal jurisdiction over Defendants. *See Fidrych v. Marriot Int'l Inc.*, 952 F.3d 124, 133 (4th Cir. 2020). ("[Personal] jurisdiction may be exercised when the defendant has contacts with the forum jurisdiction that are 'so constant and pervasive as to render it essentially at home in the forum State.'" (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014))). The Northern District of Ohio is thus a district where the case "'might have been brought.'" *Leonard*, 718 F. Supp. 2d at 745 (quoting 28 U.S.C. § 1404(a)).

plaintiff's home or bears a substantial relation to the cause of action. *See Justice Coal of Ala., LLC, v. Ramaco Res., LLC*, No. 5:24-cv-00658, 2025 WL 1297676, at *2 (S.D. W. Va. May 5, 2025) (Volk, J.) (noting that this factor weighs heavily against transfer when the plaintiff resides in the chosen forum). Here, Plaintiff resides in the Southern District of West Virginia and chose to bring suit here.

Defendants argue that this choice is afforded less weight here because the operative facts of her claims occurred in Ohio. [ECF No. 11, at 6]; *see also Mamani v. Bustamante*, 547 F. Supp. 2d 465, 473 (D. Md. 2008) ("[A] court need not accord the choice as much weight when the 'forum has no connection with the matter in controversy.'") (citation omitted). I disagree. According to the Complaint, the Cleveland Clinic hired and later terminated Plaintiff based on Defendants' misrepresentations of her resume and experience. *See generally* [ECF No. 1-1]. Although some of the events giving rise to this action occurred in the Northern District of Ohio, where the Cleveland Clinic is located, it cannot be said that West Virginia has no connection to the controversy. Indeed, according to the Complaint, Defendants routinely recruit travel nurses in West Virginia. *Id.* ¶ 14. Moreover, while the Complaint does not contain facts pertaining to whether Defendants recruited Plaintiff by phone, email, or text, it is clear that she was not in Cleveland at the time. *See* [ECF No. 1-1, ¶ 18 ("In 2025, [Defendants] recruited Plaintiff *in West Virginia* to become a travel nurse.") (emphasis added); ¶ 19 (alleging that Plaintiff "initially agreed to serve as a travel nurse at a facility in Hazard, Kentucky"); ¶¶ 21, 23, 45 (alleging that, after Plaintiff completed her Kentucky assignment, Defendants "recruited Plaintiff to take a travel nurse position at the Cleveland Clinic" beginning on February 4, 2026)]. Based on the allegations in the Complaint, she appears to have been in either Kentucky or West Virginia at the time—not Ohio. *See generally id.* ¶¶ 18–19, 21, 23, 45. The ultimate termination of Plaintiff's employment in Cleveland does not

override her choice to litigate in her home forum. Accordingly, this factor weighs strongly against transfer.

Second, as to witness convenience, Defendants contend that the potential witnesses with information and knowledge regarding Plaintiff's claims "are more likely located within Ohio[.]" [ECF No. 9, at 5]. Defendants identify two general groups of witnesses. *Id.* at 5–6. The first consists of their own employees, Recruiter James McCarty and Vice President of Operations Steven Hertsenberg, both of whom appear to reside in the Cincinnati area. *Id.*; *see also* [ECF No. 10, at 5]. The second consists of Cleveland Clinic personnel with firsthand knowledge of the underlying events: the staff who (1) received Plaintiff's candidate submission form from Defendants, (2) extended Plaintiff an offer of work, (3) administered Plaintiff's pre-position testing, (4) worked with Plaintiff during the relevant period, and (5) decided to terminate Plaintiff's employment and communicated that decision to Defendants. [ECF No. 9, at 5–6]. Defendants further assert that securing these witnesses' attendance in this district would cost more than in Ohio. *Id.* at 6.

Plaintiff responds that the "primary question in this case is whether the Fabricated Resume was, in fact, fabricated[,]" and the "sources of proof necessary to determine" that question are not located in the Cleveland area. [ECF No. 10, at 4]. She identifies her former employers who could confirm or refute the information in her resume, as key witnesses, who she asserts are located almost entirely in the Southern District of West Virginia. *Id.* Defendants acknowledge the accuracy of the resume is a "key dispute," [ECF No. 9, at 3], but they contend other key disputes include:

> how heavily the Cleveland Clinic relied on those materials as compared to other materials, such as Plaintiff's pre-position testing, Plaintiff's working performance

> and interactions with staff while on-site at the Cleveland Clinic, and the Cleveland Clinic's reasoning in deciding to terminate Plaintiff's working assignment.

*Id.*

Because Plaintiff worked as a travel nurse, this case by its very nature involves witnesses dispersed across multiple states and districts, and no single forum will be convenient for all of them. Both sides have identified material witnesses who would need to travel if the case proceeded in the other's preferred forum. Defendants' own employees reside in Cincinnati, which, as discussed below, is closer to this court than to Cleveland. As for the Cleveland Clinic witnesses, Plaintiff concedes that litigating in Ohio would be more convenient for them. [ECF No. 10, at 5]. But transfer would not eliminate the inconvenience, it would simply impose a comparable burden on Plaintiff's witnesses, the vast majority of whom are located in this district. [ECF No. 10, at 4]. And because Ohio and West Virginia border one another, this is not a cross-country case in which travel would pose a significant hardship for either set of witnesses. Weighing these competing burdens, the court cannot conclude that Ohio is a more convenient forum for the witnesses as a whole. This factor is neutral.[3]

---

[3] Defendants further assert that under Rule 45 of the Federal Rules of Civil Procedure, "nearly all the potential witnesses with first-hand knowledge relating to the facts underlying Plaintiff's allegations are within the subpoena power of the Northern District of Ohio, not this Court's." [ECF No. 9, at 7]. In support, Defendants contend that "[i]n order to compel the attendance of a witness at a deposition, a subpoena must be issued from the court for the district in which the deposition [is] to be held and be served within the same state, within the district, or within 100 miles of the place the deposition is to be held." *Id.* (citing Fed. R. Civ. P. 45). As Plaintiff points out, however, that statement reflects Rule 45 as it existed before the 2013 amendments. [ECF No. 10, at 6–7]. Under the current rule, a subpoena issues from the court where the action is pending, may be served anywhere in the United States, and may command a witness to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(a)(2), (b)(2), (c)(1)(A). A subpoena issued by this court can therefore compel the Cleveland Clinic witnesses to sit for depositions in the Cleveland area.

As for trial, it is true that this court cannot compel the Cleveland Clinic witnesses to testify in person. *See* Fed. R. Civ. P. 45(c)(1)(A)–(B). But the Northern District of Ohio would face the same limitation as to Plaintiff's witnesses, most of whom reside in the Southern District of West Virginia. Because the potential witnesses are divided between the two states, neither court could compel live testimony from *every* witness. Rule 32 addresses this problem by permitting a party to use at trial the deposition of a witness who is more than 100 miles from the place of trial. Fed. R. Civ. P. 32(a)(4)(B). Plaintiff, for her part, has proposed exactly that alternative. [ECF No. 10, at 7]. Defendants emphasize the significance of live testimony, [ECF No. 9, at 5], and the court does not discount it. That concern, however, cuts

Third, as to the convenience of the parties, it is uncontested that Plaintiff resides in the Southern District of West Virginia and that both of the Defendants' principal places of business are in Cincinnati, Ohio. [ECF No. 1-1, ¶¶ 1–3]. Cincinnati, however, lies in the Southern District of Ohio, not the Northern District. Defendants' office is approximately 237 miles (about a three-hour and thirty-seven-minute drive) from the Northern District of Ohio's Eastern Division courthouse in Cleveland, but only approximately 207 miles (about a three-hour and eleven-minute drive) from this court in Charleston. [ECF No. 10, at 5]. Even the Northern District of Ohio's Eastern Division offices in Akron and Youngstown are not meaningfully closer to Defendants than the Southern District of West Virginia.[4] Defendants would therefore travel farther to litigate in their proposed forum than to litigate here. Nor are Defendants' documents, their employees, or the place where the allegedly false resume was prepared located in the Northern District of Ohio. The proposed transferee district is home to no party at all, only to the Cleveland Clinic, which is not a party.

To be sure, Ohio may be a somewhat more convenient forum for some of the Defendants' witnesses. But "the purpose and function of § 1404(a) is not to shift the balance of inconvenience from defendant to plaintiff." *Justice Coal of Ala., LLC*, 2025 WL 1297676, at *3 (quoting *Noetic Specialty Ins. Co. v. N. Carolina Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 847 (E.D. Va. 2020)). Transferring this case to the Northern District of Ohio would do exactly that, relieving a relatively minor inconvenience to Defendants by placing a comparable one on Plaintiff. *See Menk v. MITRE Corp.*, 713 F. Supp. 113, 136 (E.D. Va. 2024) ("A defendant moving for transfer must

both ways: transfer would simply trade the live testimony of Defendants' preferred witnesses for that of Plaintiff's. Accordingly, the limits of the court's subpoena power do not tip the balance in favor of transfer.

[4] Although the Western Division's Toledo office is approximately 14 miles closer to Defendants than Charleston, Defendants have not sought transfer to the Western Division, and in any event, a difference of 14 miles is not meaningful.

show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer.") (citation omitted). This factor does not favor transfer.

Fourth, the interest-of-justice inquiry is broad and "encompasses public interest factors aimed at systemic integrity and fairness." *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (internal quotation marks and citation omitted). "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Holcomb*, 2026 WL 8009409, at *3 (quoting *Heuvel v. Navy Fed. Credit Union*, No. 3:16-1839, 2016 WL 7155769, at *4 (S.D. W. Va. Dec. 7, 2016) (Chambers, J.)).

This case is at any early stage, and no dispositive motions have been filed. *Cf. Johnson v. West Virginia Univ. Bd. of Governors*, No. 2:21-cv-00380, 2022 WL 19039524, at *8 (S.D. W. Va. Feb. 22, 2022) (Tinsley, M. J.) (finding the interest of justice factor weighed against transfer because it would "result in further delay in adjudication" on pending dispositive motions). Transfer at this point would not waste significant judicial resources, so this consideration does not weigh against transfer. Other considerations, however, favor keeping the case here. The court may consider each forum's familiarity with the applicable law. *See Harkins Contracting, Inc. v. Frankenmuth Ins. Co.*, No. RDB-24-886, 2025 WL 637463, at *9 (D. Md. Feb. 27, 2025) ("Consideration of the interests of justice includes, among other things, the court's familiarity with applicable law.") (internal quotation marks and citation omitted). Plaintiff originally filed this action in West Virginia state court, asserting common law claims for (1) fraud in the inducement of a contract, (2) fraud/misrepresentation, (3) defamation, and (4) negligence. [ECF No. 1-1]. This court routinely handles West Virginia common law claims for cases sitting in diversity

jurisdiction—such as this one. The Northern District of Ohio is certainly capable of adjudicating these claims, but it does so far less often.

In addition, this case has already changed forums once, when Defendants removed it from state court. Transfer would send it to a third forum and further delay its resolution. The interests of justice are best served by keeping the case here so that the parties can focus on discovery and move toward resolution. This factor weighs against transfer.

Based on the balancing of these factors the court finds Defendants have not met their burden of demonstrating that transfer of this litigation is necessary "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted).

**III. CONCLUSION**

For these reasons, Defendants' Motion to Transfer Venue, [**ECF No. 8**], is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 21, 2026

Joseph R. Goodwin

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE